# Fullam et al., Appellants, *v.* Philadelphia & Reading Railway Company.

*Negligence—Railroads—Persons crossing tracks—Contributory negligence—Judgment for defendant n. o. v.*

Judgment for defendant n. o. v. was properly entered in an action to recover damages for the death of plaintiff's father, who was killed by a freight train at a crossing, where it appeared that before the engine reached the place of the accident, the whistle was blown continuously for a distance of at least 430 feet, and that the deceased failed to stop, look and listen immediately before crossing the track.

Argued Jan. 14, 1918. Appeal, No. 200, Jan. T., 1917, by plaintiff, from judgment of C. P. No. 1, Philadelphia Co., June T., 1914, No. 5149, for defendant n. o. v., in case of Joseph Fullam, a minor, by his next friend, Mary Fullam, v. Philadelphia & Reading Railway Company. Before BROWN, C. J., POTTER, STEWART, MOSCHZISKER and FRAZER, JJ. Affirmed.

Trespass to recover damages for personal injuries. Before PATTERSON, J.

From the record it appeared that at about one o'clock on June 7, 1914, Charles Fullam and his wife, Mary Fullam, mother of the plaintiff, were struck and killed by the engine of a freight train passing on the westbound track at Bethayres station, at a point where Second street pike crosses the railroad. An eastbound passenger train was just pulling into or had just stopped at the station on the other side of an intertrack fence. The gates at

Second street crossing were down, and the testimony of the witnesses to the accident showed that the parents of the plaintiff had either just come to a stop between the rails of the westbound track on Second street pike crossing, waiting for the eastbound train to clear the crossing, or had reached that point after walking down between the rails of the westbound track after reaching the end of the station platform for a distance of about forty feet. The station building was 200 feet east of the Second street crossing.

The testimony was uncontradicted to the effect that neither Charles Fullam or Mary Fullam looked in the direction from which the freight train was coming after leaving the station building, and that the whistle of the engine was being blown continuously for a distance of at least 430 feet, and possibly for 400 yards.

Verdict for plaintiff for $1,800. Defendant moved for judgment n. o. v., which motion and the reasons therefor were as follows:

And now, February 9, 1917, the defendant railway company, by its counsel, Wm. Clarke Mason, Esq., moves the court to have all the evidence taken upon the trial duly certified and filed, so as to become part of the record, and for judgment non obstante veredicto upon the whole record, and upon the refusal of the court to charge as requested by defendant, to wit: "Under all the evidence in this case your verdict must be for the defendant." For the following reasons:

1. The record fails to show sufficient evidence to establish the charge of negligence on the part of the defendant.

2. The uncontradicted evidence shows that Charles Fullam, the decedent, was guilty of contributory negligence in law.

3. The burden of proof was upon the plaintiff to show that Mary Fullam, mother of the infant plaintiff, died prior to the death of Charles Fullam her husband, and

father of the infant plaintiff, and there is no sufficient evidence upon the record to establish this fact.

The court granted defendant's motion for judgment n. o. v.    Plaintiff appealed.

*Error assigned* was in entering judgment for defendant n. o. v.

*Victor Frey,* with him *Augustus Trask Ashton,* for appellant.

*Wm. Clarke Mason,* for appellee, was not heard.

PER CURIAM, February 25, 1918:

Judgment was properly entered for the defendant non obstante veredicto for the first two reasons assigned by learned counsel for appellee in asking for it, and it is therefore affirmed.